# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CORY J. DAVIS, ) | |
| ) | Case No. 3:24-cv-227 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Jill E. McCook |
| ALAN S. KIRK, et al, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## MEMORANDUM OPINION

On April 26, 2024, Plaintiff filed this *pro se* action without paying the filing fee (Docs. 1, 2). He then moved for leave to proceed *in forma pauperis* on May 15, 2024 (Doc. 4). Plaintiff later moved to amend his complaint on October 25, 2024 (Doc. 9), which United States Magistrate Judge Jill E. McCook granted, resulting in the docketing of his amended complaint on January 14, 2025 (Doc. 12). On January 15, 2025, Magistrate Judge McCook issued a report and recommendation, (1) granting Plaintiff's motion for leave to proceed in forma pauperis but (2) recommending the Court dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (Doc. 13.) Plaintiff timely filed an objection to Magistrate Judge McCook's report and reommentation (Doc. 14). For the following reasons, the Court will **OVERRULE** Plaintiff's objection and **ACCEPT** and **ADOPT** Magistrate Judge McCook's report and recommendation (Doc. 13).

## I.  BACKGROUND

Plaintiff's complaint asserts several violations of his Fifth and Sixth Amendment rights under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1974), including malicious prosecution, withholding exculpatory evidence, fabricating evidence, and conspiring to violate his constitutional rights.  (*See* Doc. 1, at 1–2.)  These allegations relate to an ongoing criminal prosecution, against Plaintiff and various other individuals, for drug offenses the Government alleges took place in 2021.  (*See* Doc. 13, at 3–9.)  In her report and recommendation, Magistrate Judge McCook detailed the factual allegation underlying the criminal prosecution of Plaintiff and several co-defendants in Case No. 3:22-cr-11, as well as a superceding indictment against Plaintiff in Case no. 3:22-cr-106.  (*See id.*)  The current status of Plaintiff's criminal cases is thus:  (1) the charges against him in Case. No. 322-cr-11 have been dismissed; (2) in Case No. 3:22-cr-106, which is before Judge Varlan, Plaintiff was convicted in a jury trial on November 15, 2024 (Doc. 104), but his sentencing remains pending.

Plaintiff does not object to Magistrate Judge McCook's recitation of the facts underlying his criminal indictments and the pre-indictment investigation of his alleged criminal conduct, and the Court finds her account of those facts is accurate; however, Plaintiff does raise several objections to Magistrate Judge McCook's recitation of the *procedural history* of his criminal case following the initial indictment.  (*See* Doc. 14, at 1 (contending the "report and recommendation misstates facts, and omits truth").)  For the purposes of reviewing Plaintiff's objections to Magistrate Judge McCook's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts set forth in the report and recommendation insofar as the relate to his alleged criminal conduct and the Government's pre-indictment investigation.  (Doc. 13.)  To the extent Plaintiff objects to Magistrate Judge McCook's account of the procedural history of his

criminal case (one that has become fairly complex considering, inter alia, that it involved an investigation into an alleged drug conspiracy including many defendants and a superseding indictment against Plaintiff), the Court will find that, even assuming Plaintiff is correct as to what he contends are "misstatements" of this procedural history, his complaint should still be dismissed for failure to state a claim.

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). This *de novo* review, in turn, requires this court to reexamine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.* Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the

> magistrate and the district court perform identical tasks. This duplication of time
> and effort wastes judicial resources rather than saving them, and runs contrary to
> the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Furthermore, According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *id.*—rather, the complaint must allege facts specific to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that does not meet the pleading standard of Rule 8 may be dismissed under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

### III.  ANALYSIS

Magistrate Judge McCook's report and recommendation that the Court dismiss Plaintiff's complaint for failure to state a claim highlighted a key flaw in Plaintiff's allegations: "he did not plead that the criminal proceeding was resolved in his favor." (Doc. 13, at 11.) While Plaintiff stated correctly (both in his complaint and in the objection now before the Court) that the original indictment against him was dismissed, it was dismissed when the Government filed a superseding indictment against him in Case No. 3:22-cr-106, and he was eventually convicted in a jury trial on that indictment. (*See* Case No. 3:22-cr-106, Doc. 104.) As Magistrate Judge McCook explains in detail, the lack of a factual allegation of favorable resolution of his criminal case (which he could not credibly make given the above) renders each of his constitutional

claims insufficient under Rules 8 and 12(b)(6). (*See* Doc. 13, at 10–14 (discussing myriad authorities on the elements and corresponding pleading standards of malicious-prosecution, *Brady*, and civil-conspiracy claims).) The Court agrees that this key flaw in Plaintiff's complaint is dispositive.

Plaintiff's objections to Magistrate Judge McCook's report and recommendation fall within two general categories—neither of which can remedy the insufficiencies of his complaint: (1) that it misstates or misrepresents certain procedural facts about his criminal cases or this case, and (2) that his criminal conviction was unconstitutional. (*See generally* Doc. 14.)[1] As to misstatements of the procedural history of his criminal cases, for instance, Plaintiff states that Magistrate Judge McCook "states 'on June 30, 2023 the government filed a motion to dismiss the first criminal matter against plaintiff,' which is not true, the case was dismissed by way or oral motion" (Doc. 14, at 8); however, the manner in which the first criminal indictment against Plaintiff was dismissed is irrelevant to the sufficiency of his pleading in the present civil case. Later, Plaintiff seems to suggest Magistrate Judge McCook misstates how many times he amended his complaint: "Judge McCook[] also alleges Mr. Davis has 'already amended his complaint.' The only amendment Mr. Davis made was Oct. 25, 2024, the amendment now before the court. If there was another why hasn't it been produced?"; this too is irrelevant to the sufficiency of Plaintiff's amended complaint.[2]

---

[1] Plaintiff also suggests that Magistrate Judge McCook lacked jurisdiction over his case: "Judge McCook states on pg. 10, when the superseding indictment was filed against plaintiff Davis, but omits key facts that would show her court has no subject-matter jurisdiction, or any personal jurisdiction over Mr. Davis." (Doc. 14, at 3.) This contention is without merit: the magistrate judge had subject-matter jurisdiction over Plaintiff under 28 U.S.C. § 1331 because his complaint arises under federal law, and there was personal jurisdiction because Plaintiff filed his complaint in this district.

[2] Plaintiff is referring to the motion to amend he filed on October 25, 2024, with which he filed a proposed amended complaint (Doc. 9). On January 14, 2025, Magistrate Judge McCook granted

5
Case 3:24-cv-00227-TRM-JEM   Document 16   Filed 04/03/25   Page 5 of 6   PageID #: 218

For the reasons Magistrate Judge McCook explained, Plaintiff's constitutional claims are not viable as a *Bivens* action for damages at this time because he has not obtained a favorable resolution in his criminal case. (*See* Doc. 13, at 9–14.) To the extent Plaintiff contends his criminal conviction is constitutionally invalid, the proper course for him to obtain relief will be to file a habeas petition under 28 U.S.C. § 2255, which he may do after he is sentenced.

Therefore, Plaintiff's complaint fails to state a claim, and his complaint will be **DISMISSED**.

IV. **CONCLUSION**

For the reasons stated herein, the Court hereby **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 13) pursuant to 28 U.S.C. § 636(b)(1), and **ORDERS** that the action be **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

Plaintiff's motion to amend and, accordingly, the clerk entered his once-proposed complaint as the now-operative complaint in this litigation. (*See* Docs. 11, 12.) Here, Plaintiff seems to have misconstrued her point—that allowing *further* amendments cannot cure the deficiencies of his complaint—as suggesting instead that his amendment was not accepted. The complaint Magistrate Judge McCook's report and recommendation evaluated is clearly the same one Plaintiff attached to his motion to amend on October 25, 2024.